IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| IN RE:  HAROLD WILLIAM VAN ALLEN,<br><br>Plaintiff. | CV-20-00068-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Harold William Van Allen is a resident of Hurley, New York who is proceeding in this matter without an attorney.  Mr. Van Allen has filed a "Complaint of Judicial Misconduct or Disability" against the Chief Judges for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh United States Courts of Appeals, as well as the "DCC, FC, SCOTUS, [and] CAAF."  (Doc. 1.)  He has not paid the applicable filing fee and has not filed a motion to proceed in forma pauperis.  This matter has been docketed as a civil complaint.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a)(1)-(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not

do.").  Mr. Van Allen's "Complaint" makes no allegations of fact at all, much less allegations that are "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  It does not state a basis for federal subject matter jurisdiction, does not identify any legal claims, and does not provide a demand for relief.  As such, the filing is in violation of Rule 8.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.  "[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'; or (2) 'such a claim is wholly insubstantial and frivolous.'"  *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012).

"Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider."  *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-39 (1974)).  "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District court, whatever may be the ultimate resolution of the federal issues on the

merits.'"  *Id.* (*quoting Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

The Court finds that this standard is met here.  This Court does not have jurisdiction over judicial misconduct complaints filed against federal judges presiding over other federal courts.  Pursuant to 28 U.S.C. § 351(a),

> Any person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, or alleging that such judge is unable to discharge all the duties of office by reason of mental or physical disability, may file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct.

Mr. Van Allen's Complaint is not saved by the various documents he attaches (without explanation), including a Memorandum Opinion and Order dismissing as frivolous a Complaint filed by Mr. Van Allen in the United States District Court for the District of Columbia against 19 named defendants (including Special Counsel Robert Mueller, President Donald Trump, Vice President Mike Pence, former Attorney General Jeff Sessions, the Chief Justice of the United States and several judges from the United States District Court and the United States Court of Appeals for the D.C. Circuit).  (Doc. 1 at 3-6).  He also attached a

"Citizens Complaint Form" that he appears to have filed with the United States Department of Justice requesting, among other relief, an investigation into the "FISC/FISA Foreign Intelligence Surveillance Court monitoring of Ross Perot since 1978." (Doc. 1 at 9-10.) None of these documents appear to have any relevance to the judicial misconduct complaint he filed in this Court.

Mr. Van Allen's filing is frivolous, unsubstantial, devoid of merit, and the Court lacks jurisdiction to consider a judicial misconduct complaint. These are not defects which could be cured by amendment and therefore this matter should be dismissed without leave to amend for lack of subject matter jurisdiction.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

This matter should be DISMISSED for lack of subject matter jurisdiction. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Van Allen may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Van Allen is being served by mail,

timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 18th day of June, 2020.

_/s/ Timothy J. Cavan_
Timothy J. Cavan
United States Magistrate Judge

---

he is entitled an additional three (3) days after the period would otherwise expire.